NO. 07-12-00237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2013

NEIL DECORDOVA GAYLE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 5109; HONORABLE STUART MESSER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Neil Decordova Gayle filed a notice of appeal on June 11, 2012. The record was filed on September 19. The deadline for filing his appellate brief was extended until December 10, but the brief was not filed nor was appellant granted a further extension.

By letter of December 20, the Court notified appellant's counsel of the past due brief and that, when filed, it must be accompanied by a motion for extension of time. Appellant was directed to file the brief on or before January 2, 2013. The letter further

notified appellant that absent compliance the appeal would be abated and remanded to the trial court for further proceedings without additional notice.

On December 21, appellant's counsel filed a motion for voluntary dismissal of the appeal. Appellant did not sign the motion. The motion stated appellant telephoned his counsel "asking to withdraw this appeal due to being on parole and back in his home country of Jamaica." Because the motion was not signed as required by appellate rule 42.2(a), the Court denied the motion, on January 2. On its own motion that day, however, the Court granted appellant twenty-one days to file either a motion for voluntary dismissal of the appeal bearing appellant's signature or appellant's brief. The period lapsed without response and to date appellant has filed nothing further.

We now abate this appeal and remand the cause to the trial court for further proceedings. On remand, the judge of the trial court is directed to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute the appeal, whether appellant is indigent; (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if he does not desire to prosecute the appeal or, if appellant desires to prosecute the appeal, to assure that it will be diligently pursued; and (4) if the court finds that counsel has had no direct communication from appellant beyond that described in the December 21 motion, what efforts counsel has made to contact his client and obtain his signature on a motion to dismiss.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause

2

them to be included in a supplemental clerk's record; (3) cause any live hearing, if conducted, to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of any proceedings to be sent to this Court. *See* Tex. R. App. P. 34.5(c)(2), 38.8(b)(3). The supplemental clerk's record and supplemental reporter's record, if any, shall be sent by the trial court so as to be received by the clerk of this Court not later than March 15, 2013.

Per Curiam

Do not publish.